## Case No. 17,113.

### WALSH v. The CARL HAASTED.

[3 N. J. Law J. 18.]

District Court, D. New Jersey. Dec. 19, 1879.

LIBEL IN REM—AGENCY OF MATE.

1. The owners of a freighting vessel are not liable for the loss of floating stages which were towed by the vessel under an agreement by the mate that he would take care of them.

2. Such an agreement is beyond the scope of the employment of the mate, and even of the master. If the owners are not liable, the vessel itself is not liable.

In admiralty.

Muirheid & McGee, for libelant.

E. A. Ransom, for claimant.

NIXON, District Judge. This is a libel in rem, and it seeks to hold the libeled bark liable for the loss of a floating stage, which it attempted to tow over the North river from the 42d street pier, New York, to Bergen Point, New Jersey. It appears from the admissions of the parties and the testimony in the case that the Carl Haasted, a Norwegian vessel, in approaching New York in November, 1877, collided with the steam-tug Cornell, and received injuries to her cut-water and stem, which the owners of the tug, acknowledging their fault and liability, agreed to repair. When the bark reached the 42d street pier these owners sent on board three of their workmen for the purpose of carrying out their agreement.

In making the repairs it was necessary to use two floating stages, which the men brought with them. On the evening of the first or second day, and before the completion of the work, the workmen were informed by one of the officers of the bark, the mate, that the vessel was to be towed early the next morning over the river to Bergen Point to load for her return voyage to Europe. Some conversations took place between the mate and the workmen in regard to the floating stages. The mate says that the carpenters asked him as a favor to take them over to the New Jersey shore, and he promised to do so. They testify that it was understood that if the vessel was removed from the dock before they returned in the morning, the mate should take care of the stages for them.

They got aboard the next morning just as the bark was casting off her lines from the wharf. The floating stages had been removed from the bow, where they had been left the day before, and had been fastened to the stern of the vessel by some of the hands on board. Their course was down the river, the bark being towed by a tug-boat, against a strong wind and tide; and whilst they were in the middle of the river, the chain and hawser which fastened the two stages together parted, and the rear one, which was not attached to the bark, went adrift. No request was made to the persons controlling either the bark or the tug-boat to stop, but the carpenters hailed a passing boat, requesting them to pick up the stage, and send it to the libelant, Walsh. It never was taken up or returned to him, and he claims that the bark to which the stage was fastened is liable for the loss.

The first question claiming attention is whether a case is presented in the libel and shown in the proofs, which entitles the libelant to an action in rem. This must be answered in the negative, unless the owners of the bark are personally responsible, because in cases of this sort the liability of the vessel and the responsibility of the owners are convertible terms. The Bold Buccleugh, 2 Eng. Law & Eq. 537, approved by the supreme court in Freeman v. Buckingham, 18 How. [59 U. S.] 189; The John Farron [Case No. 7,340].

The libeled bark is a freighting vessel, and it was the duty of the master to employ her as such. By the maritime law, he can bind the owners by his acts and contracts only when performed and made within the scope of his authority. If the undertaking in this case had been by the master, it is more than questionable whether the owners of the bark were bound to answer for any negligence on his part in its performance. The towing of floating barges was not within the range of the master's employment or the vessel's business, and all persons entering into contracts with the master, having in view any ultimate responsibility of the owners, must see to it that the subject-matter of the service was within his authority. Much less can the owners be held by the agreement of the mate to take care of or to look after the safety of the stages. There is no sense in which he can be regarded, under the circumstances, as the agent of the owners or as capable of making them responsible for his undertakings.

This view of the case renders unimportant some of the other questions discussed by the advocates of the respective parties,—such, for instance, as whether the master's presence on board might not be construed into an acquiescence by him in the mate's agreement to tow the stages, and whether, as the service was voluntary and without hire, it was not necessary to show gross negligence before any one could be held liable for the loss. These might become relevant in a suit against the master or mate; but the owners of the boat, not being personally responsible, a libel in rem is not maintainable and the action must be dismissed.

---

## Case No. 17,114.

### WALSH v. The CHINA.

[Cited in The Alabama, Case No. 122. Nowhere reported; opinion not now accessible.]